SULLIVAN, HILL, LEWIN, REZ & ENGEL  
A Professional Law Corporation  
  Christine A. Roberts, NV SBN 6472  
  Elizabeth E. Stephens, NV SBN 5788  
228 South Fourth Street, First Floor  
Las Vegas, NV 89101  
Telephone:  (702) 382-6440  
Fax Number: (702) 384-9102  

Attorneys for Chapter 7 Trustee,  
William A. Leonard, Jr.

**Electronically Filed: July 23, 2009**

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

In re

CONSOLIDATED RESORTS, INC., et al.,

    Debtor.

CASE NO. BK-S-09-22035-LBR (Lead Case)

(Jointly Administered with Case Nos. 09-22030 through 09-22043)[1]

Chapter 7

Date:  N/A  
Time:  N/A  
Ctrm:  LBR - Courtroom 1  
       Foley Federal Building  
       300 Las Vegas Blvd. South  
       Las Vegas, NV 89101  
Judge: Hon. Linda B. Riegle

## TRUSTEE'S EX PARTE MOTION FOR ORDER AUTHORIZING AND DIRECTING THE JOINT ADMINISTRATION OF CASES

---

[1] The Debtors in these cases consist of the following:  Destinations Unlimited, Case No. 09-22030; Consolidated Realty, Inc., Case No. 09-22031; Consolidated Media, LLC, Case No. 09-22032; CRI Travel Holdings, LLC, Case No. 09-22033; Consolidated Resorts Travel, LLC, Case No. 09-22034; Consolidated Resorts, Inc., Case No. 09-22035; Consolidated Maui, Inc., Case No. 09-22036; Consolidated Kona, Inc., Case No. 09-22037; Lahaina Ticket Company, Case No. 09-22038; Soleil PS, LLC, Case No. 09-22039; Soleil LV, LLC, Case No. 09-22040; Consolidated Tahiti, Inc., Case No. 09-22041; Consolidated Orlando, Inc., Case No. 09-22042; and Consolidated Tickets, LLC, Case No. 09-22043.

::ODMA\PCDOCS\PCDOCS\300225\1                    1

**COMES NOW,** Christine A. Roberts, Esq. of the law firm of Sullivan, Hill, Lewin, Rez & Engel, on behalf of William A. Leonard, Jr., the Court-appointed Chapter 7 trustee ("Trustee") of the bankruptcy estates of the above-captioned debtors (collectively, "Debtors"), and files this <u>ex parte</u> motion ("Motion") for an order authorizing and directing the joint administration of the 14 bankruptcy cases captioned above (collectively, "Cases").[2]

This Motion is brought pursuant to sections 101(2) and 105 of the Bankruptcy Code (11 U.S.C. § 101 <u>et seq</u>.), Rule 1015 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), and Local Rule 1015, on the grounds that the requested joint administration is in the best interests of the Debtors' creditors and bankruptcy estates, as it will allow for the expeditious and efficient administration of these Cases.

This Motion is based upon the entire case file, the points and authorities contained herein, and the Declaration of William A. Leonard, Jr. filed concurrently herewith ("Leonard Declaration").

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**STATEMENT OF FACTS**

**A.    Background**

On July 7 and July 8, 2009, the Debtors filed 14 voluntary petitions for relief under Chapter 7 of the Bankruptcy Code. Thereafter, the Trustee was appointed as the Chapter 7 trustee of the bankruptcy estates of all of the Debtors.

Prior to the Petition Dates, the Debtors were in the business of developing, owning and operating timeshare and resort properties located in the states of Nevada, Florida and Hawaii. Among other business activities, the Debtors marketed timeshare interests in their resort properties for sale to consumers. Consumers who purchased timeshare interests in the Debtors' properties often paid for such purchases, in part, by signing and delivering promissory notes to the Debtors for

---

[2] At a status conference conducted July 17, 2009, the Court authorized the Trustee to file the instant Motion on an <u>ex parte</u> basis.

a portion of the purchase price. The Debtors oversaw the collection of the note receivables, and these note receivables now represent the vast majority of the bankruptcy estates' assets. The Debtors had a workforce in excess of one thousand persons engaged in administration, timeshare marketing and sales, and the collection of receivables from consumer purchasers of timeshare interests. See the Leonard Declaration ¶ 3.

**B.     The Interrelated Nature of the Debtors**

The Trustee is informed and believes that the Debtors are "affiliates" as that term is defined in Bankruptcy Code section 101(2), as they share significant common ownership. Particularly, the Trustee is informed and believes that Consolidated Resorts, Inc. or Soleil LV, LLC -- both of whom are Debtors herein -- own 100 percent of the stock of most, if not all, of the other Debtors. Additionally, the Debtors' businesses were intertwined financially and operationally, with each involved in various aspect of the timeshare industry, and often transacting with one another. Because of the interrelated nature of the Debtors' businesses, the Trustee anticipates filing numerous motions and other pleadings which involve the same or substantially similar facts and circumstances between multiple Debtors. Accordingly, the Trustee believes that joint administration would render the bankruptcy process simpler and less expensive for all involved, eliminate the need for duplicative filings and mailings, and would thus be in the best interests of creditors and the bankruptcy estates. It would also ease the administrative burden on the Court and the clerk's office. See the Leonard Declaration ¶ 4.

**C.     The Relief Requested Herein**

Accordingly, the Trustee requests that the Court enter an order authorizing and directing the joint administration of these 14 Cases, including the use of a joint docket (with all pleadings to be filed on the docket of the lead case), a joint service list, joint notices, and joint hearings, but with a separate claims register maintained for each Debtor. The Trustee proposes that Case No. BK-S-09-22035-LBR (Consolidated Resorts, Inc.) be designated as the lead case, as that entity is likely the most well known and easily recognized by creditors and parties in interest. A proposed caption for the jointly-administered cases is attached as Exhibit "A" to the Leonard Declaration. The Trustee does not seek with this Motion the substantive consolidation of the Debtors.

## II.

## **AUTHORITY**

Section 105(d) of the Bankruptcy Code grants the court authority to, "unless inconsistent with another provision of this title or the applicable [Bankruptcy Rules], issue an order . . . prescribing such limitations and conditions as the court deems appropriate to ensure that the case is handled expeditiously and economically…."[3]  Additionally, section 105(a) of the Bankruptcy Code provides that "the court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  See 11 U.S.C. §105(a).

Bankruptcy Rule 1015 provides as follows:

> (b) <u>Cases involving two or more related debtors</u>.
>
> If a joint petition or two or more petitions are pending in the same court by or against … (4) a debtor and an affiliate, the court may order a joint administration of the estates.
>
> (c) <u>Expediting and protective orders</u>.
>
> When an order for consolidation or joint administration of a joint case or two or more cases is entered pursuant to this rule, while protecting the rights of the parties under the Code, the court may enter orders as may tend to avoid unnecessary costs and delay.

<u>See</u> F.R.B.P. 1015.

Section 101(2) of the Bankruptcy Code provides:

> (2) The term "affiliate" means--
>
> (A) an entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor, other than an entity that holds such securities--
>
> (i) in a fiduciary or agency capacity without sole discretionary power to vote such securities; or
>
> (ii) solely to secure a debt, if such entity has not in fact exercised such power to vote;
>
> (B) a corporation 20 percent or more of whose outstanding voting securities are directly or indirectly owned, controlled, or held with power to vote, by the debtor, or by an entity that directly or indirectly owns,

---

[3] 11 U.S.C. §105(d).

>    controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor, other than an entity that holds such securities--
>
>    (i) in a fiduciary or agency capacity without sole discretionary power to vote such securities; or
>
>    (ii) solely to secure a debt, if such entity has not in fact exercised such power to vote;

Local Rule 1015(b) provides:

>    Cases deemed to be related within the meaning of this rule include the following:
>
>    (4) The debtor in one case is a general partner or majority shareholder of the debtor in the other case;
>    (5) The debtors have the same partners or substantially the same shareholders; or
>    (6) The debtors are affiliated as that term is defined under 11 U.S.C. § 101(2).

See LR 1015(b).

### III.

### ARGUMENT

With this Motion, the Trustee respectfully requests that this Court enter an order authorizing and directing the joint administration of these 14 Cases, including the use of a joint caption, a joint docket (with all pleadings to be filed on the docket of the lead case), a joint service list, joint notices, and joint hearings -- but with a separate claims register maintained for each Debtor.

The Debtors are "affiliates" as that term is defined in Bankruptcy Code section 101(2). Accordingly, under Bankruptcy Rule 1015(b) and Local rule 1015(b), joint administration is authorized. Additionally, the Debtors' businesses were significantly intertwined financially and operationally. Because of the interrelated nature of the businesses, the Trustee anticipates filing numerous motions and other pleadings which involve the same or substantially similar facts and circumstances between multiple Debtors.

Creditors will not be prejudiced by the joint administration of these Cases. The Trustee is not at this time requesting the substantive consolidation of the Debtors. In this regard, a separate claims register will be maintained for each Debtor. Rather, the Trustee believes that joint

administration would render the bankruptcy process simpler and less expensive for all involved, eliminate the need for duplicative filings and mailings, and would thus be in the best interests of creditors and the bankruptcy estates. It would also ease the administrative burden on the Court and the clerk's office.

## IV.

## CONCLUSION

Based on the foregoing, the Trustee respectfully requests that this Court enter an order authorizing the joint administration of these Cases on the terms set forth herein, with the first-filed Consolidated Resorts, Inc. case being designated as the lead case; and granting such other relief as the Court may find just and proper.

Dated: July 23, 2009

SULLIVAN, HILL, LEWIN, REZ & ENGEL
A Professional Law Corporation

By: */s/ Christine A. Roberts*
Christine A. Roberts
Elizabeth E. Stevens
Attorneys for William A. Leonard, Jr.,
Chapter 7 Trustee

::ODMA\PCDOCS\PCDOCS\300225\1                                    6